COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


GUY C. EAVERS EXCAVATING CORPORATION
AND
VALIANT INSURANCE COMPANY                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
v.    Record No. 2748-96-3                    APRIL 22, 1997

JAMES HULAN WALDRON


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (John P. Grove; John C. Brownlee; Woods,
            Rogers & Hazlegrove, on brief), for
            appellants.

            (Terry L. Armentrout; Armentrout &
            Armentrout, on brief), for appellee.


        Guy C. Eavers Excavating Corporation and its insurer

(hereinafter collectively referred to as "employer") contend that

the Workers' Compensation Commission erred in (1) holding

employer responsible for the cost of certain medical treatment

rendered to James Hulan Waldron for back complaints; and (2)

finding that employer failed to prove the light-duty job offered

to Waldron was suitable to his residual work capacity.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

                    I.  Medical Expenses

        Waldron sustained a compensable injury on December 13, 1993.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

In an opinion dated February 22, 1995, a deputy commissioner found that Waldron's preexisting back condition was aggravated by the accident. The employer did not appeal from the award granting Waldron temporary partial disability for his back injury.

In December 1995, Waldron filed a claim alleging that the employer had not paid medical bills for his back injuries.

In holding employer responsible for the cost of medical treatment rendered to Waldron by Dr. John C. MacIlwaine and Dr. John A. Jane for Waldron's back complaints, the commission found as follows:

> The contested charges appear to relate to medical treatment by Dr. . . . MacIlwaine, the treating orthopedic/hand surgeon, and Dr. . . . Jane, neurosurgeon, who evaluated [Waldron] upon referral by Dr. MacIlwaine. We find that treatment by Dr. MacIlwaine, or upon his referral, for the back complaints is clearly the responsibility of the employer, based upon the Opinion of February 22, 1995 . . . . The referrals were either for medical treatment or evaluation of the industrial injury by other physicians.

> As to Dr. Jane, we note his various reports cited by counsel for the employer to the effect that [Waldron] suffers from lumbar stenosis of a developmental type and questioning the effect of the industrial injury on this preexisting condition, as set forth in his report of March 10, 1996. However, this comes after the determination of a causal connection between the preexisting condition and aggravation by the industrial accident has been made and has become final. The same opinion expressed in Dr. Jane's other reports is rejected for the same reason. . . . We also note the handwritten note, possibly by him, that: "He has osteoarthritis – not injury associated."

There is no indication that this is a condition which has developed since the Opinion of February 22, 1995.

Because employer did not appeal the commission's February 22, 1995 opinion, the commission's decision regarding the causation of Waldron's back complaints became final and conclusive. In Graham v. Virginia Elec. & Power Co., 230 Va. 273, 337 S.E.2d 260 (1985), the Virginia Supreme Court ruled as follows:

> "The true test of the conclusiveness of a former judgment with respect to particular matters is identity of issues. If a particular point or question is in issue in the second action, and the judgment will depend on the determination of the particular point or question, a former judgment between the same parties will be final and conclusive in the second [action] if that same point was in issue and adjudicated in the first suit."

Id. at 277, 337 S.E.2d at 263 (citation omitted) (alteration in original).

The causation issue in this claim is the same issue that the commission adjudicated in its February 22, 1995 opinion. The issue is raised by the same parties. Therefore, the commission did not err in finding that its February 22, 1995 ruling continued to bind the parties.

Moreover, the medical evidence supports the commission's finding that Dr. Jane's reports did not indicate that Waldron's back complaints arose from conditions that developed after the February 22, 1995 opinion. Accordingly, the commission did not err in holding employer responsible for the medical treatment

3

rendered by both doctors for Waldron's back complaints.

## II.  Selective Employment

On appeal, we view the evidence in the light most favorable to the party prevailing below.  See R. G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  So viewed, the evidence proved that Dr. Shepard Hurwitz treated Waldron's compensable ankle injury upon a referral by Dr. MacIlwaine.  According to Dr. Hurwitz's November 3, 1995 physical capabilities evaluation, Waldron could operate a car but was precluded from operating a truck, crane, or tractor.  The light-duty job offered to Waldron required that he drive a pickup truck.

"To support a finding of refusal of selective employment 'the record must disclose (1) a bona fide job offer suitable to the employee's capacity; (2) [a job offer that was] procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job.'"  James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 489 (1989) (citation omitted) (alteration in original).  Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying employer's application to suspend Waldron's benefits, the commission found that the medical restrictions placed upon Waldron by Dr. Hurwitz precluded Waldron from

5

operating a truck.  Because the light-duty job required that Waldron drive a pickup truck, the commission found that employer's evidence did not establish that the job fell within Waldron's medical restrictions.  These findings are supported by credible evidence.  In addition, as the commission correctly noted, no evidence showed that employer obtained Dr. Hurwitz's approval of the light-duty job offered to Waldron.

In its role as fact finder, the commission was entitled to reject employer's argument that operating a pickup truck was sufficiently similar to operating a car.  Employer failed to present evidence of the size of the truck and whether it would be equipped with an automatic or manual transmission.  The size of the truck, the type of seat in the truck, and the presence of other equipment in the truck, such as a clutch, were all relevant to the issue whether the impact of the truck on Waldron was greater than that of a car.  Based upon this record, we cannot find as a matter of law that employer's evidence proved that the light-duty job offered to Waldron was suitable to his residual capacity.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>